| | | |
|---|---|---|
| In re Report of the Commission | : | 1999 TERM |
| on Continuing Legal Education. | : | |
| | | |
| [Name of Attorney] | | |
| ( # [Attorney Registration No.]), | | |
| Respondent. | : | ORDER |
| | | [Filed July 30, 1999] |

This matter originated in this Court on the filing of a report by the Commission on Continuing Legal Education (the "Commission") pursuant to Gov.Bar R. X, Sec. 6, Div. (A)(1)(b) and Div. (A)(2)(d).   The Commission recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 1996–1997 reporting period.

The Commission's report recommended imposition of a sanction against the respondent in the total amount of $[Sanction Amount] for noncompliance in the 1996–1997 reporting period.   Furthermore, the Commission's report recommended that the respondent be suspended from the practice of law pursuant to Gov.Bar R. X, Sec. 5, Div. (A)(4) for violation of Gov.Bar R. X for the third consecutive reporting period, and for continuous and ongoing noncompliance with Gov.Bar R. X during the last three reporting periods.   On November 18, 1998, this Court issued to the respondent an order to show cause why the Commission's recommendation should not be adopted and an order so entered against the respondent.   Respondent filed objections to the Commission's recommendation, the Commission filed an answer brief, and this cause was considered by the Court.   Upon consideration thereof,

IT IS ORDERED by the Court that the recommendation of the Commission is adopted and respondent, [Attorney Name], is immediately suspended from the practice of law pursuant to Gov.Bar R. X, Sec. 6, Div. (B)(3), and Gov.Bar R. X, Sec. 5, Div. (A)(4), until respondent is reinstated by order of this Court pursuant to Gov.Bar R. X, Sec. 7.

IT IS FURTHER ORDERED that, within 30 days of the date of this order, respondent shall pay to the Commission on Continuing Legal Education, by certified check, bank check or money order, a sanction fee which is hereby imposed in the total amount of $[Sanction Amount].

IT IS FURTHER ORDERED that, payment of the sanction fee notwithstanding, respondent shall comply with the requirements imposed by Gov.Bar R. X for the 1996–1997 reporting period. See CLE Reg. 503.4.

IT IS FURTHER ORDERED that respondent immediately cease and desist from the practice of law in any form and is hereby forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

IT IS FURTHER ORDERED that respondent is hereby forbidden to counsel or advise or prepare legal documents for others or in any manner perform such services.

IT IS FURTHER ORDERED that respondent is hereby divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

IT IS FURTHER ORDERED that respondent surrender forthwith respondent's certificate of admission to practice law and attorney registration card to the Clerk of this Court on or before 30 days from the date of this order, and that respondent's name be stricken from the roll of attorneys maintained by this Court.

IT IS FURTHER ORDERED that respondent shall complete one credit hour of continuing legal education for each month, or portion of a month of the suspension. As part of the total credit hours of continuing legal education required by this order, respondent shall complete one credit hour of instruction related to ethics and professional responsibility, including instruction on substance abuse, for each six months, or portion of six months, of the suspension.

IT IS FURTHER ORDERED that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in Gov.Bar R. X, Sec. 7; (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; (3) respondent complies with this and all other orders of the Court; and (4) this Court orders respondent reinstated.

IT IS FURTHER ORDERED that, within 30 days of the date of this order, respondent shall:

1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this Court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk of this Court and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, sua sponte, that all documents filed with this Court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED by the Court that the Clerk shall send this order by certified mail to the respondent at the business address registered with the Clerk under Gov.Bar R. VI; that, if this order is returned as undeliverable or unclaimed, the Clerk shall resend it by regular mail to the respondent at the residence address registered with the Clerk; and that service of this order in accordance with the foregoing shall be deemed effective service.

IT IS FURTHER ORDERED that, pursuant to Gov.Bar R. X, Sec. 6, Div. (H), the Clerk of this court send certified copies of this order to those persons or organizations named in Gov.Bar R. V, Sec. 8, Div. (D)(1), and that publication be made as required under Gov.Bar R. X, Sec. 6, Div. (H).

| Attorney Name | Registration Number | Residence County | Residence State | Employer County | Employer State | Sanction Amount |
|---|---|---|---|---|---|---|
| Christopher David Banks | 0011686 | | KY | | KY | $500.00 |
| Lauren Palik Alterman | 0030653 | | NJ | | PA | $100.00 |
| James William Harvey | 0040533 | | PA | | PA | $390.00 |
| Edward Donald Hayman | 0001128 | Cuyahoga | OH | Cuyahoga | OH | $150.00 |
| Steven Lawrence Howland | 0029219 | Cuyahoga | OH | Cuyahoga | OH | $240.00 |
| Lawrence Burr LaRue | 0038468 | Lucas | OH | Lucas | OH | $340.00 |